## WHITE CITY STATE BANK, Respondent, v. ST. JO-SEPH STOCK YARDS BANK, Appellant.

### Kansas City Court of Appeals, December 2, 1901.

1. **Principal and Agent: CORPORATION: EVIDENCE.** The evi-
dence is reviewed and found sufficient to constitute B, who employed
plaintiff's assignor, the agent of the defendant bank, and likewise to
show he was not the agent of the bank's president.

2. **Account: SUFFICIENCY: OF EVIDENCE: ADMISSION OF
AGENT: PRACTICE.** Where it is shown that the defendant's agent
admitted the account and approved of its correctness, there is no
necessity to prove the value of the services.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*R. A. Brown* for appellant.

(1)   There is no evidence of any character tending to show that the witness, E. B. Barnes, was the agent of the defendant, St. Joseph Stock Yards Bank, or that he had any authority to contract or assume any indebtedness on its behalf.   According to his own testimony he was the agent of Gordon Jones, individually, and of the J. C. Bohart Commission Company.   There was an entire failure of evidence fixing any liability upon the St. Joseph Stock Yards Bank. Spooner v. Railroad, 23 Mo. App. 403; Callahan v. Warne et als., 40 Mo. 137; Boland v. Railroad, 36 Mo. 491; Hammand v. Jewett, 22 Neb. 363; Perkins v. Trinka, 30 Minn. 241; McAfee v. Robertson, 41 Tex. 355; Johnson v. Burns, 29 Kas. 81; Stringer v. Ins. Co., 82 Ind. 100; Bowen v. Cook, 14 Ark. 202; Cummins v. Scott, 20 Cal. 83; McCarroll v. Stafford, 24 Ark. 224.   (2)   There was a total failure of evidence showing the character of all the services claimed to have been rendered, the value thereof or that such services were rendered at the instance or request of defendant or its authorized agent.   There is not one word of evidence showing the value of the services claimed to have been rendered.

*Chas. M. Street* for respondent.

ELLISON, J.—Plaintiff is the assignee of an account against defendant and brought this action thereon, recovering judgment in the trial court.   The sole question is the sufficiency of the evidence to sustain the finding of the trial judge, a jury having been waived.

It appears that the J. C. Bohart Commission Company, Tootle, Lemon & Company, and this defendant were separately interested in a large number of cattle in the State of Kansas; that is to say, they had notes for large sums of money which were secured by chattel mortgages on the cattle. The notes in which this defendant was interested amounted to $1,800. For some reason, not clearly appearing, it became necessary to look after those cattle. To that end one E. B. Barnes, an employee of the Bohart Commission Company, was engaged to go into Kansas and take charge of the cattle. In doing so it became necessary for him to pay or promise to pay some expenses for services rendered by different parties for work and feed incident to gathering the cattle together, separating the different lots and caring for them. Among these expenses was a bill to C. C. Walker which the latter assigned to this plaintiff and which is the account in suit. The principal question is, was Barnes the agent of this defendant? If he was, then the judgment was for the right party. Whatever connection defendant had with Barnes was through its president, Gordon Jones. The following letter was written in the presence of Mr. Jones, and was partly dictated by him (italics ours), viz.:

"South St. Joseph, Mo., Nov. 30, 1898.
"C. W. Prewett and J. J. Drinkard,
"Woodbine, Kas.

"Dear Sirs: The bearer, Mr. E. B. Barnes, is authorized to take charge of all cattle confided to your care by Mr. Porter A. Thompson of our company, which are known as the Curtis cattle. You will please be governed by the directions and instructions of Mr. Barnes as to care in the moving of these cattle, as he represents the *holders of the notes* of

which they are security, and has absolute authority as *their* agent.

"Very truly yours,

"J. C. Bohart Com. Co.

"By Field Bohart, Treas."

A few days after Barnes went to Kansas, he sent the following telegram to Jones as president of the defendant bank:

"Gordon Jones, President, South St. Joseph, Missouri: Wire me authority to draw draft on you to pay off feed bills and labor against cattle. They have to be settled to-day. I have taken possession of all cattle found of E. B. Curtis and will have to pay off charges against them. Mr. Thompson will explain."

And Jones answered in the following telegram signing as president of bank (italics ours):

"E. B. Barnes, Durham, Kansas. Draw for feed bills due on all Curtis cattle in which *we* placed you in charge. You did not notify me of your change from White City to Durham. What is the nearest station to where the cattle are located *securing loan eighteen hundred* and odd. Could you meet me there to-morrow?—Gordon Jones, President."

Mr. Jones himself admitted in his testimony that the statement in the letter above set out, that Barnes "represents the holders of the notes," included defendant's note of $1,800.

There is more evidence the tendency of which was to show that Barnes was defendant's agent. But as we believe that referred to is sufficient to sustain the finding of the court, we deem it useless to go over it. We have been particular in calling attention to the evident reference to the defendant's interest as distinguished from any individual interest of Jones,

for the reason that it is stated by counsel that any employment of Barnes aside from the Bohart employment was by Jones individually.   There are expressions in the testimony given by Barnes that he was employed "by Jones," but it is quite clear from his whole evidence that he did not mean to say that he was not employed by defendant, through the agency of Jones as its president.

It is also urged here that there was no evidence of the character or value of the services rendered by Walker. There is enough to show that the services were in and about securing and caring for the cattle.   It is true, there is nothing to show that charges made in the account were proper.   But it was shown that Barnes, defendant's agent, admitted the account.   That he approved of it as correct.   In such circumstances it is not necessary to offer evidence to prove the value of the services.   There is never need to prove that which your adversary concedes.

We are fully satisfied that no ground has been shown which would authorize us to disturb the judgment, and it is accordingly affirmed.   All concur.